OCT 2 9 2009

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WILLIAM LYLE DUNN,

      Petitioner,

vs.

JACK PALMER, *et al.*,

      Respondents.

3:08-cv-0574-RCJ-VPC

**ORDER**

    This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by William Dunn, a Nevada prisoner. The action comes before the Court with respect to its merits. The Court will deny the petition.

## I. Facts and Procedural Background

    Petitioner was convicted after a jury trial in the Eighth Judicial District Court for Clark County of one count of robbery. Exhibit 2.[1] The trial court found petitioner to be a habitual criminal, and sentenced petitioner to one hundred forty-six months in prison, with parole eligibility in sixty months. *Id.* On appeal, petitioner argued the district court erred by denying his motion to dismiss based on the state's failure to collect a surveillance videotape. *Id.* The Nevada Supreme Court found the contention to be without merit, and affirmed petitioner's judgment of conviction. *Id.*

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their answer and are located in the record at docket #10.

1    Petitioner filed a state habeas corpus petition on March 23, 2007.  Exhibit 3.

2  Petitioner alleged (1) trial counsel failed to procure the 7-11 surveillance video and (2) the prosecutor

3  committed a *Brady* violation when it failed to preserve evidence of the surveillance video.  *Id.*  The

4  state district court denied the petition, and on appeal, the Nevada Supreme Court affirmed the lower

5  court's denial.  Exhibit 5.

6    Petitioner mailed a federal habeas corpus petition to this Court on December 29, 2008

7  (docket #5).  Respondents have answered the petition (docket #10), and petitioner has filed a traverse

8  (docket #12).

9  **II.  Federal Habeas Corpus Standards**

10    The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal

11  standard for the Court's consideration of this habeas petition:

12    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

13    with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

14

15    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

16

17    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

18

19  28 U.S.C. §2254(d).

20    The AEDPA "modified a federal habeas court's role in reviewing state prisoner

21  applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

22  given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).  A state

23  court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

24  U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the

25  Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially

26  indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different

2

1  from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting

2  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

3          A state court decision is an unreasonable application of clearly established Supreme

4  Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme

5  Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'"

6  *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The unreasonable application clause

7  "requires the state court decision to be more than incorrect or erroneous"; the state court's

8  application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529

9  U.S. at 409). *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

10          In determining whether a state court decision is contrary to, or an unreasonable

11  application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v.*

12  *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir.

13  2008) (en banc).

14          Moreover, "a determination of a factual issue made by a State court shall be presumed

15  to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

16  by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

17  **III. Discussion**

18          **A.   Ground One**

19          In his first ground for relief petitioner alleges that his Sixth Amendment right to the

20  effective assistance of counsel was violated when counsel failed to preserve evidence. Specifically

21  petitioner contends that counsel failed to obtain the surveillance videotape from the 7-11 convenience

22  store.

23          In order to prove ineffective assistance of counsel, petitioner must show (1) counsel

24  acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of

25  professionally competent assistance and (2) the deficient performance prejudiced the outcome of the

26  proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). Regarding the first prong –

3

1  commonly known as the "effectiveness prong" – the *Strickland* Court expressly declined to articulate

2  specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty,

3  the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to

4  communicate with the client over the course of the prosecution. *Id.* Defense counsel's duties are not

5  to be defined so exhaustively as to give rise to a "checklist for judicial evaluation ... [because] [a]ny

6  such set of rules would interfere with the constitutionally protected independence of counsel and

7  restrict the wide latitude counsel must have in making tactical decisions." *Id.*

8       The *Strickland* Court instructed that review of an attorney's performance must be

9  "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in

10  order to avoid the "distorting effects of hindsight." *Id.* at 689. A reviewing court must "indulge a

11  strong presumption that counsel's conduct falls within the wide range of reasonable professional

12  assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action

13  might be considered sound trial strategy." *Id.* (citation omitted).

14       Construing the Sixth Amendment to guarantee not effective counsel per se, but rather

15  a fair proceeding with a reliable outcome, the *Strickland* Court concluded that demonstrating that

16  counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of

17  ineffective assistance. In order to satisfy *Strickland's* second prong, the defendant must show that the

18  attorney's sub-par performance prejudiced the defense. *Id.* at 691-92. The test is whether there is a

19  reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in

20  question would have been different. *Id.* at 691-94. The Court defined reasonable probability as "a

21  probability sufficient to undermine confidence in the outcome." *Id.* at 694.

22       Ineffective assistance of counsel under *Strickland* requires a showing of deficient

23  performance of counsel resulting in prejudice, "with performance being measured against an

24  'objective standard of reasonableness,' . . . 'under prevailing professional norms.'" *Rompilla v.*

25  *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an

26  ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

4

1  to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1,

2  5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

3  reasonable professional assistance.  *Id.*

4  Petitioner raised ground one in his state habeas corpus petition.  The state district

5  court rejected the claim, and on appeal the Nevada Supreme Court stated the following in finding that

6  the trial court did not err in denying the claim:

7  Appellant claimed that his counsel was ineffective for failing to
obtain video evidence from the scene of the robbery and present it to the

8  jury.  Specifically, appellant claimed that his counsel failed to obtain video
from a camera that pointed at the door of the establishment that would have

9  demonstrated appellant's innocence by showing that he did not use force
during the crime.  He asserted that the video evidence should have been

10  presented at the preliminary hearing, motion to dismiss, trial, and on appeal.
He further claimed that his counsel failed to present an expert witness

11  concerning the video evidence to rebut the State's expert witness testimony.

12

13  Appellant failed to demonstrate that his counsel's performance was
deficient.  Counsel was not appointed to represent appellant until March 18,
2005, eight days after he was arrested at the scene or the alleged robbery.

14  The owner of the business testified that the videotape from the surveillance
system is recorded over every three to four days.  Thus, the video evidence

15  of the robbery no longer existed at the time that counsel began representing
appellant.  We further note that on direct appeal, this court held that the

16  district court did not err in denying his motion to dismiss based on the
State's failure to gather the video evidence because appellant failed to show

17  that the videotape contained material, exculpatory information or that the
officers acted in bad faith by not collecting it.  Further, the State did not

18  present any expert testimony during trial and appellant failed to identify the
expert appellant should have called to support his theory of defense.

19  Therefore, the district court did not err in denying this claim.

20  Exhibit 5 (footnote omitted).  The Nevada Supreme Court's determination is not an objectively

21  unreasonable application of *Strickland.*  Petitioner has not shown that trial counsel acted deficiently in

22  any way, as it appears that the videotape was already destroyed prior to counsel's involvement in the

23  case.  Even if counsel had taken steps to recover the videotape, the store owner stated that the tape is

24  recorded over every several days.  As there is no indication that trial counsel was ineffective, the

25  Court will deny ground one.

26  **B. Ground Two**

5

1    In his second ground for relief petitioner contends that his Fifth Amendment right to

2  due process was violated when the prosecutor failed to disclose exculpatory or material evidence.

3  Petitioner argues that the state committed a *Brady* violation when it failed to disclose or preserve the

4  surveillance videotape.

5    Petitioner raised the instant claim in his appeal of his judgment and sentence.  The

6  Nevada Supreme Court rejected the instant claim, stating:

7    Dunn contends that the district court erred by denying his motion to
   dismiss based on the State's failure to collect a surveillance videotape.
8    Dunn alleged that the videotape would have shown that he did not use force
   on the victim in an attempt to escape, but rather that he was attacked by a
9    group of men which included the victim.   We conclude that Dunn's
   contention lacks merit.

10
    In *Daniels v. State*, [fn 1: 114 Nev. 261, 267-68, 956 P.2d 111, 115
11   (1998).] we held that dismissal of criminal charges may be an available
   remedy for the State's failure to gather evidence whether the evidence was
12   material and the failure to gather the evidence was the result of a bad faith
   attempt to prejudice the defendant's case.

13
    In the instant case, the district court denied the motion to dismiss,
14   finding that Dunn failed to show that the videotape contained material,
   exculpatory information or that the officers acted in bad faith by not
15   collecting it. We conclude that the district court did not err in so finding.

16  Exhibit 2.  The Nevada Supreme Court's determination was not objectively unreasonable application

17  of United States Supreme Court precedent.

18    In *Brady v. Maryland*, 373 U.S. 83, 87 (1963) the United States Supreme Court found

19  that a state's suppression of evidence, whether intentional or inadvertent, will violate due process

20  when that evidence is favorable or material to the defense.  Moreover, the suppression of evidence

21  must have prejudiced the proceeding. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  To

22  determine whether evidence is material a court must decide whether "there is a reasonable probability

23  that, had the evidence been disclosed to the defense, the result of the proceeding would have been

24  different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). *See also Jackson v. Brown*, 513 F.3d

25  1057, 1071 (9th Cir. 2008).  Petitioner has not shown that the surveillance videotape contained

26  evidence that was favorable or material to the defense.  Petitioner has not demonstrated that there is a

6

1  reasonable probability that had the videotape been disclosed, that the result of the proceeding would

2  have been different.

3           Furthermore, the failure to *preserve* evidence that is potentially exculpatory can violate

4  a defendant's due process rights if the failure was motivated by bad faith. *Arizona v. Youngblood*,

5  488 U.S. 51, 58 (1988) (holding "unless a criminal defendant can show bad faith on the part of the

6  police, failure to preserve potentially useful evidence does not constitute a denial of due process of

7  law"). Furthermore, a bad faith failure to *collect* potentially exculpatory evidence also can amount to

8  a due process violation. *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989). *See also United*

9  *States v. Martinez-Martinez*, 369 F.3d 1076, 1086-87 (9th Cir. 2004). There is no indication that the

10 state, in failing to collect or preserve evidence of the videotape prior to it being recorded over, acted

11 in bad faith. The Nevada Supreme Court's determination that the instant claim was without merit is

12 not objectively unreasonable.

13           The Court will deny ground two.

14 **IV.  Certificate of Appealability**

15           In order to proceed with an appeal from this court, petitioner must receive a certificate

16 of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of

17 the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court

18 has held that a petitioner "must demonstrate that reasonable jurists would find the district court's

19 assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

20 (2000).

21           The Supreme Court further illuminated the standard for issuance of a certificate of

22 appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

23           We do not require petitioner to prove, before the issuance of a COA, that
             some jurists would grant the petition for habeas corpus. Indeed, a claim
24           can be debatable even though every jurist of reason might agree, after the
             COA has been granted and the case has received full consideration, that
25           petitioner will not prevail. As we stated in *Slack*, "[w]here a district court
             has rejected the constitutional claims on the merits, the showing required
26           to satisfy § 2253(c) is straightforward: The petitioner must demonstrate
             that reasonable jurists would find the district court's assessment of the

                                          7

1                         constitutional claims debatable or wrong."

2   *Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

3             The Court has considered the issues raised by petitioner, with respect to whether they

4   satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet

5   that standard.  Accordingly, the Court will deny petitioner a certificate of appealability.

6             **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (docket

7   #5) is **DENIED**.

8             **IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT**

9   **ACCORDINGLY**.

10             **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

11   **APPEALABILITY**.

12

13             Dated this ___ day of October, 2009.

14

15                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

8